UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| STANLEY BAIDER,<br>Plaintiff<br><br>v.<br><br>DDR CORP., DDR NOBLE TC TRUST and DDR MID-ATLANTIC MANAGEMENT CORP. f/k/a INLAND MID-ATLANTIC MANAGEMENT CORP.<br>Defendants | CIVIL ACTION NO. |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

COME NOW the Defendants, DDR Corp., DDR Noble TC Trust and DDR Mid-Atlantic Management Corp. f/k/a Inland Mid-Atlantic Management Corp., (collectively, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby give notice of the removal of this action to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Defendants state as follows:

A.  **Introduction**

1. On July 7, 2017 Plaintiff, Stanley Baider, instituted the instant action with the filing a civil-action Complaint against the following entities: DDR Corp., DDR Noble TC Trust and DDR Mid-Atlantic Management Corp. f/k/a Inland Mid-Atlantic Management Corp. See Plaintiff's Complaint attached hereto as Exhibit "A".

2. On or about July 11, 2017, Plaintiff mailed copies of the Notice to Defend, state court Civil Cover Sheet, and Complaint and Jury Demand to Defendants. These documents are attached hereto as Exhibit "B".

3. On August 29, 2017, Defendants filed their Answer to Complaint and New Matter and appearance of counsel. On September 13, 2017 Plaintiff filed his Reply to New Matter. These documents are included in Exhibit "C".

4. On November 2, 2017, Defendants served their First Set of Requests for Admission to Plaintiff. On November 29, 2017, Plaintiff served his Responses, which were received by Defendants on November 30, 2017. These documents are attached hereto as Exhibit "D".

5. There has been no other process, pleadings, or orders served on Defendants in this case. 28 U.S.C. § 1446(a).

6. In this case, Plaintiff alleges negligence against Defendants arising out of his slip and fall accident. See Exhibit "A."

7. This action is properly removable under 28 U.S.C. § 1441(a), which states as follows, in relevant part:

> Except as otherwise expressly provided by the Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending . . . .

8. As explained in detail below, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which states as follows, in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
>
> (1) citizens of different States . . . .

**B.     This Removal is Timely.**

9.     The case as stated by the Complaint was not removable. Rather, this case became removable upon Defendants' receipt of Plaintiff's Responses to Requests for Admission on November 30, 2017. *See* Declaration of Christopher J. O'Connell attached hereto as Exhibit "E". The 30-day time period for removal has not expired. Therefore, this removal is timely. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

**C.     Venue is Proper in this Court.**

10.     Venue properly lies in this United States District Court for the Eastern District of Pennsylvania, Philadelphia under 28 U.S.C. §§ 1391(b)(2) and 118(b).

**D.     Complete Diversity of Citizenship Exists.**

11.     Plaintiff is a citizen of Pennsylvania. "For purposes of diversity jurisdiction, citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Park v. Tsiavos*, 165 F.Supp.3d 191, 198-99 (D.N.J. 2016), *quoting Vlandis v. Kline*, 412 U.S. 441, 454 (1973). Domicile is not synonymous with residence; however, "the Third Circuit has held that listing residence creates a rebuttable presumption of domicile." *Texas Capital Corp. v. Fleet Capital Corp.*, No. 03-CV-1605, 2003 WL 22937784, at *2 (E.D. Pa. Dec. 4, 2003). In addition to residence, courts may consider a variety of other factors, including place of business, in determining one's domicile. *Park*, 165 F. Supp. 3d at 199. "[A] domicile once acquired is presumed to continue until it is shown to have been changed." *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011) (internal quotations omitted).

12. Here, the Complaint alleges that Plaintiff is an adult-individual who lives in Philadelphia County, Pennsylvania at all relevant times. See Exhibit "A."

13. Defendants are a publicly traded real estate investment trust that invests in shopping centers located throughout the United States. Defendants' headquarters and principal place of business are located in Beechwood, Ohio.

14. With defendants' principal place of Business in Ohio and Plaintiff's citizenship of Pennsylvania, complete diversity of citizenship between Plaintiff and Defendants exists.

**E.   The Amount-in-Controversy Requirement is Satisfied.**

15. In addressing the amount in controversy, Defendants do not concede the validity of Plaintiff's claims or attempt to predict what, if anything, Plaintiff will recover. The amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938).

16. In Plaintiff's Responses to Defendants' Requests for Admissions, attached hereto as Exhibit "D", Plaintiff admits that he seeks in excess of $75,000, exclusive of interest and costs, against Defendants (*id.* at Request Nos. 1 and 3). Therefore, the amount-in-controversy requirement is satisfied.

**F.   Notice to State Court**

17. Pursuant to 28 U.S.C. § 1446(d) a copy of this *Joint Notice of Removal* is being filed in the State Court Action.

**G.   Adoption and Reservation of Defenses**

18. Nothing in this *Joint Notice of Removal* shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, following defenses: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a

claim; (7) failure to join indispensable parties; (8) any other pertinent defense available under Pennsylvania law or Fed. R. Civ. P. 12, any state or federal statute, or otherwise; or (9) arbitration.

19. Defendants reserve the right to supplement this *Joint Notice of Removal* by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE,** the Defendants, DDR Corp., DDR Noble TC Trust and DDR Mid-Atlantic Management Corp. f/k/a Inland Mid-Atlantic Management Corp., (collectively, "Defendants"), pray that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Philadelphia County, Pennsylvania, Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Dated: December 20, 2017              Respectfully submitted,

                                      SWEENEY & SHEEHAN

                                      _____
                                      Christopher J. O'Connell
                                      *Attorney for Defendants, DDR Corp., DDR Noble TC Trust and DDR Mid-Atlantic Management Corp. f/k/a Inland Mid-Atlantic Management Corp., (collectively, "Defendants")*