IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| STANLEY BAIDER | : | |
| --- | --- | --- |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-5802 |
| DDR CORP., ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                       **FEBRUARY  9 , 2018**

This is a slip and fall case that was removed to this Court from the Philadelphia County Court of Common Pleas. Presently before the Court is Plaintiff's Motion to Remand on the ground that Defendants' Notice of Removal was untimely. (ECF No. 3.) For the following reasons, Plaintiff's Motion to Remand will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint alleges that on or about September 18, 2016, Plaintiff Stanley Baider suffered "serious, severe and potentially permanent injuries" when he fell down a steep grassy island in the parking lot of the Noble Town Center in Jenkintown, Pennsylvania.[1] (Compl. ¶¶ 4, 8-10, Notice of Removal Ex. A, ECF No. 1.) Plaintiff alleges that during the time period relevant to his injuries, the Noble Town Center property was owned, operated, controlled, maintained, and possessed by Defendants DDR Corp., DDR Noble TC Trust, and DDR Mid-Atlantic Management Corp. f/k/a Inland Mid-Atlantic Management Corp. (Compl. ¶¶ 2-4.) On July 7, 2017, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas, alleging that it was Defendants' negligence that caused him to fall and suffer, *inter alia*, "severe

---

[1] The Noble Town Center is the site of several retail shopping establishments. (Compl. ¶ 5.)

and potentially permanent injuries, including, but not limited to his face, arms, body and torso, post-traumatic anxiety and shock, together with various other injuries, the exact extent of which are unknown at this time, but which may be and probably are of a permanent nature with disabilities and loss of function." (Notice of Removal ¶ 1; Compl. ¶¶ 9, 10, 13.) Plaintiff's Complaint does not seek specific damages, but seeks judgment against Defendants "in an amount in excess of $50,000." (Compl. *ad damnum* clause.) Defendants filed their Answer to the Complaint with New Matter on August 29, 2017. (Notice of Removal Ex. C.)

On October 13, 2017, Plaintiff filed a Case Management Conference Memorandum (the "CMC Memo") in the Court of Common Pleas and electronically served it on Defendants' counsel, which was required prior to the Case Management Conference scheduled for October 19, 2017. (Pl.'s Mot. to Remand Mem. of Law 2-3, ECF No. 3-1.) Plaintiff's counsel hand-delivered a copy of the CMC Memo to Defendants' counsel at the October 19th Case Management Conference. (*Id.* at 3.) The CMC Memo provided: (1) that Plaintiff's demand was $150,000;[2] (2) that Plaintiff's most serious injuries are a "[f]ractured right wrist requiring open fixation/internal reduction, dislocated left thumb, laceration of the face requiring 18 stiches, black eyes"; (3) that inpatient hospitalization was not required, and medical treatment is not continuing; (4) that Plaintiff is not making a claim for future lost earning capacity but does have existing liens; and (5) that the approximate amount of his recoverable medical bills is to be determined. (CMC Memo, Mot. to Remand Ex. B, ECF No. 3-2.)

On November 2, 2017, Defendants served Plaintiff with Requests for Admissions, asking whether Plaintiff's damages claims exceed $75,000. (Notice of Removal Ex. D.) On November

---

[2] According to Plaintiff, the $150,000 demand was also orally communicated to Defendants' counsel at the Case Management Conference. (Pl.'s Mot. to Remand Mem. of Law 3.)

30, 2017, Defendants received Plaintiff's responses, which confirmed that Plaintiff was seeking damages in excess of $75,000. (*Id.*) Plaintiff's responses to Defendants' Requests for Admissions state only that it is admitted that the amount in controversy exceeds $75,000 exclusive of interest and costs, and that it is admitted that the damages sought are in excess of $75,000, nothing more. Defendants filed a Notice of Removal on December 26, 2017, asserting that this case was removable pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (Notice of Removal ¶¶ 7-8, 11-14, 15-16.) On January 18, 2018, Plaintiff filed a Motion to Remand on the ground that Defendants' removal was untimely and, therefore, procedurally defective. (Pl.'s Mot. to Remand Mem. of Law 4-6.) On January 25, 2018, Defendants filed an opposition to the Motion to Remand, asserting that their removal was timely pursuant to 28 U.S.C. § 1446(b)(3) because this case first became removable upon Defendants' receipt of Plaintiff's responses to the Requests for Admissions.[3] (Defs.' Opp., ECF No. 5.)

## II. DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

---

[3] On January 22, 2018, shortly before they filed their opposition to the Motion to Remand, Defendants filed a Third-party Complaint against Elegant Lawncare, Inc. ("Elegant") and Erie Insurance ("Erie"). (Third-party Complaint, ECF No. 4.) In the Third-party Complaint, Defendants allege that Elegant and DDR Corp. were parties to a service agreement for landscaping services at the Noble Town Center, and that the agreement obligates Elegant to (1) indemnify and defend DDR Corp. against all claims and (2) name DDR Corp. as an additional insured under its insurance policy issued by Erie. (*Id.* at 9.) The Third-party Complaint seeks a judgment against Elegant obligating it to pay defense and indemnity to DDR Corp. for all claims arising out of Plaintiff's Complaint (Count I), and a declaratory judgment as to Erie's obligation to provide coverage, defense, and indemnity as to all claims made by Plaintiff against DDR (Count II). (*Id.* at Wherefore clauses.)

3

action is pending." 28 U.S.C. § 1441(a). A defendant may remove a civil action to a district court in cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). The party seeking federal jurisdiction through removal has the burden of showing that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

In general, a defendant must file a notice of removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). However, this thirty-day window for removal is "only triggered when 'the four corners of the pleading . . . informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co*., 986 F.2d 48, 53 (3d Cir. 1993), *rev'd on other grounds*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

Where removability is not apparent from the face of the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper from which it may <u>first</u> be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). This "other paper" rule codifies what is a long-held and common sense proposition; it "is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable." *Broderick v. Dellasandro*, 859

F. Supp. 176, 178 (E.D. Pa. 1994). Although section 1446(b) does not define "other paper," district courts in this Circuit have construed the phrase to mean court-related documents produced by the plaintiff containing the information necessary to ascertain removability. A Case Management Conference Memorandum is an "other paper." *See, e.g.*, *Kukla v. Wal-Mart Stores East, LP*, No. 17-4528, 2017 WL 6206261, at *4 (E.D. Pa. Dec. 8, 2017) (noting that a Case Management Conference Memorandum qualifies as an "other paper" under section 1446(b)(3)); *Erekson v. Ashford Phila. Annex, LLC*, No. 12-5815, 2013 WL 1742483, at *3 (E.D. Pa. Apr. 23, 2013) (holding that the Case Management Conference Memorandum meets the statutory requirements for formal written notice of facts establishing removability); *see also Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) (noting that district courts have interpreted "other paper" to include discovery documents such as responses to interrogatories and requests for admissions, and correspondence between counsel).

The thirty-day removal period in section 1446(b) "'is mandatory and the court is without discretion to expand it.'" *DiLoreto v. Costigan*, Nos. 08-989, 08-990, 2008 WL 4072813 (E.D. Pa. Aug. 29, 2008 ) (quoting *Collins v. Am. Red Cross*, 724 F. Supp. 353, 359 (E.D. Pa. 1989)). Once a case has been removed, the plaintiff may seek remand pursuant to 28 U.S.C. § 1447(c). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a defect in the removal procedure—such as untimeliness—must be filed within thirty days after the filing of the notice of removal under § 1446(a). 28 U.S.C. § 1447(c). In ruling on a motion to remand, the district court "evaluate[s] the propriety of removal based on the state of the case at the time of filing of the notice of removal." *Snider v. Sterling Airways, Inc.*, No. 12-3054, 2013 WL 159813, at *2 (E.D. Pa. Jan. 15, 2013) ("It is well

settled that generally the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed." (citing *Albright v. R.J. Reynolds Tobacco Co.*, 531 F.3d 132, 135 (3d Cir.), *cert. denied*, 426 U.S. 907 (1976))).

In this case, Plaintiff argues that Defendants' Notice of Removal was untimely because it was not filed within thirty days of Defendants' receipt of the CMC Memo. Defendants argue that the information in the CMC Memo was insufficient to ascertain removability, and that they first learned of the basis for removal when they received Plaintiff's responses to the Requests for Admissions. Specifically, Defendants assert that Plaintiff's CMC Memo provided no information regarding the cost of Plaintiff's medical treatment, it acknowledged that there was no inpatient hospitalization or continued treatment, and it denied any claim for lost wages or future lost earnings.[4]

As a threshold matter, we are satisfied that Plaintiff's Complaint did not permit Defendants to ascertain the amount in controversy. That issue is not in dispute. *See Bishop v. Sam's East, Inc.*, No. 08-4550, 2009 WL 1795316, at *3-4 (E.D. Pa. Jun. 23, 2009) (holding that where complaint recites boilerplate allegations of apparently serious injuries, *ad damnum* clause seeking damages "in excess of $50,000" did not put defendant on notice of an amount in controversy exceeding $75,000 (citing *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008))).

---

[4] Defendants' opposition to the Motion to Remand does not refer to the Third-party Complaint or suggest that it has any bearing on the propriety of Defendants' removal of this case. We have independently considered that issue and are satisfied that the addition of the third-party claims neither affects the propriety of Defendants' removal nor precludes remand. *See Snider*, 2013 WL 159813, at *1-2, 5-6 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (*per curiam*); and *Albright*, 531 F.2d at 135).

Therefore, the question here is whether Plaintiff's CMC Memo—and, specifically, its demand of $150,000—along with Plaintiff's Complaint, alerted Defendants that the amount in controversy requirement was satisfied, thus triggering the thirty-day removal period. We are satisfied that it did. The CMC Memo made an express demand of $150,000 and stated Plaintiff's most serious injuries. Plaintiff's responses to Defendants' Requests for Admissions stated only that Plaintiff admitted that the amount in controversy exceeded $75,000 exclusive of interest and costs, and that the damages sought were in excess of $75,000. Defendants received Plaintiff's CMC Memo, at the latest, on November 19, 2017, and from that point they were on notice that Plaintiff's demand of $150,000 exceeded the jurisdictional threshold for removal. *See Frederico*, 507 F.3d at 195 (observing that a removing defendant is not required to prove "'to a legal certainty that the plaintiff can recover $75,000'" (quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 4 (E.D. Pa. 2006))); *see also Erikson*, 2013 WL 1742483, at *3-4 (holding that $275,000 demand in Case Management Conference memorandum was not "uncertain" and was sufficient to trigger the removal period). Here, as in *Erikson*, Plaintiff's $150,000 demand in the CMC Memo is not "uncertain," and "neither contradicts nor dramatically exceeds the damages sought in the complaint." *Erikson*, 2013 WL 1742483, at *3 and n.2. Defendants' ability to ascertain the removability of this case did not depend on the information contained in Plaintiff's subsequent responses to the Requests for Admissions. Defendants did not file their Notice of Removal until December 26, 2017, more than thirty days after their receipt of the CMC Memo. Accordingly, the removal was untimely.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand this action to the Philadelphia County Court of Common Pleas will be granted. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**